UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA NAILS,

    Plaintiff,

v.

PARKSIDE APARTMENTS,

    Defendant.

Case No. 2:17-cv-12972
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

**OPINION OVERRULING PLAINTIFF'S OBJECTION [21] AND GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Angela Nails is proceeding without an attorney in this case and has had difficulty moving this case forward. Indeed, the case is 10 months old and the defendant still has not been served. Although this Court agrees with the Magistrate Judge that Nails' complaint and response to this Court's show-cause order do not allege a plausible violation of federal laws, the Court will permit Nails to file an amended complaint.

In a prior order, the Court summarized Nails' two-page complaint. Essentially, Nails says that she had an appointment to view an apartment and complete a rental application set for July 10, 2017, but on the morning of July 10, the manager at Parkside Apartments told Nails that someone else had looked at the apartment and that Nails was not to come to her appointment. The manager allegedly told Nails that "[the] appointment would be reset if the relative of the person already living a[t] a Parkside [a]partment the application did not pass the credit check, background check and rental history check." (R. 1, PageID.2.)

It appeared to the Court that the parties to this case were not diverse and the Court also questioned whether, by just asserting that Parkside gave the apartment she was set to view to

someone else, Nails had pled a claim arising under federal law. The Court noted that it "may be that Nails is attempting to bring a claim under the Fair Housing Act, *see* 42 U.S.C. § 3604, or another federal law prohibiting discrimination in renting housing." (R. 5, PageID.12.)

In response to this Court's show-cause order, Nails asserted, "Plaintiff is seeking relief under the Fair Housing Act; see 42 U.S.C. 3604, and the federal laws [that] prohibit discrimination in renting housing along with the other violations." (R. 6, PageID.17.)

This Court thought that was enough to cross the low bar for pleading federal subject-matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006), and so it referred all pretrial matters in this case to Magistrate Judge Mona K. Majzoub.

Magistrate Judge Majzoub granted Nails the right to proceed in this case without prepaying the filing fee and now recommends that Nails' complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge explains,

> Section 3604(b) of Title 42 prohibits discrimination in the sale or rental of dwellings based on race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(b). Plaintiff, however, does not allege that Defendant's alleged actions in giving another prospective renter priority over Plaintiff were motivated by race, color, religion, sex, familial status, or national origin, as is required to state a claim under the Fair Housing Act. Indeed, Plaintiff does not even state her race, color, religion, sex, familial status, or national origin in the Complaint. And although Plaintiff asserts that the court also has jurisdiction over this matter under other "federal laws of [sic] prohibit discrimination in renting housing along with the other violations," she does not indicate which laws those are or plead facts from which the court could infer a violation of those laws.

(R. 19, PageID.51.)

Nails objects. She says,

> The Plaintiff objects to the Court Dismissing the Plaintiff Complaint on race, when the Plaintiff applied for an apartment the Plaintiff was refused an apartment and a chance for an apartment at Parkside Apartment and the apartment the Plaintiff was to rent was given to a white male who had not put an application in for the apartment the Plaintiff was promise[d] by appointment to begin the process to rent the open

2

apartment from the Defendant. The Plaintiff objects to the Court Dismissing the
race discrimination complaint.

(R. 21, PageID.56.)

The Court agrees with the Magistrate Judge that Nails' current complaint and show-cause response do not state facts that make out a plausible claim of housing discrimination. But the additional information Nails provided in her objection—that the apartment was given to a white man who did not even apply for the apartment—suggests that she might be able to. As this case has not yet been served on Parkside, the Court sees little prejudice to Parkside in allowing Nails to file an amended complaint.

Therefore, on or before July 23, 2018, Nails is to file an amended complaint that alleges facts that make out a Fair Housing Act or another federal claim. Since it appears that Nails' claim is based on race discrimination, Nails must at least plead facts that would allow a court to reasonably find that Parkside's actions were on account of her race. The Court notes that, at the federal courthouse, there is a free clinic for people proceeding *pro se*. The clinic may be able to help Nails draft her amended complaint.

SO ORDERED.

Dated: July 3, 2018

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 3, 2018.

s/Keisha Jackson  
Case Manager