UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA NAILS,

      Plaintiff,                    CIVIL ACTION NO. 17-cv-12972

  v.                                DISTRICT JUDGE LAURIE J. MICHELSON

PARKSIDE APARTMENTS,        MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

This housing discrimination case comes before the court on three Motions to Dismiss – one filed by Defendant and two filed by Plaintiff. (Docket nos. 33, 36, 41.) Plaintiff filed a Response to Defendant's Motion, to which Defendant replied (docket nos. 35, 37), and Defendant filed a Response to Plaintiff's first Motion to Dismiss (docket no. 38). The time for response to Plaintiff's second Motion to Dismiss has not yet passed. This action has been referred to the undersigned for all pretrial purposes. (Docket no. 26.) The undersigned has reviewed the pleadings, dispenses with oral argument on the Motions pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant's Motion to Dismiss (docket no. 33) be **GRANTED** insofar as Defendant seeks dismissal of Plaintiff's Amended Complaint with prejudice and **DENIED** insofar as Defendant seeks attorney's fees and costs. It is further

recommended that Plaintiff's Motions to Dismiss this matter without prejudice (docket nos. 36, 41) be **DENIED** and that this matter be **DISMISSED** in its entirety, with prejudice.

## II. REPORT

### A. Background

Plaintiff Angela Nails, proceeding *pro se,* initiated this action against Defendant Parkside Apartments on September 7, 2017. (Docket no. 1.) The undersigned subsequently recommended dismissal of this matter pursuant to 28 U.S.C. § 1915(e)(2)(B) on the basis that Plaintiff's initial Complaint and supplemental filings failed to state a claim upon which relief could be granted. (Docket no. 19.) Plaintiff objected to the recommendation of dismissal. (Docket no. 21.) The District Judge agreed that Plaintiff had failed to state facts that make out a plausible claim of housing discrimination but found that additional information provided by Plaintiff in her objection suggested that she might be able to state a claim. (Docket no. 22 at 3.) The District Judge therefore ordered Plaintiff to file an amended complaint that alleges facts that make out a Fair Housing Act or other federal claim, and since Plaintiff's claim was seemingly based on racial discrimination, she advised that Plaintiff must plead facts that would allow a court to reasonably find that Defendant's actions were taken on account of Plaintiff's race. (*Id*.)

Plaintiff filed an Amended Complaint on August 27, 2018. (Docket no. 25.) In the Amended Complaint, Plaintiff informs that she is a black female. She asserts that in her quest for an apartment, she contacted Defendant about renting an apartment of any size. Defendant indicated that it did not have any apartments available at that time. Plaintiff asserts that she contacted Defendant again at a later date, and Defendant told Plaintiff that it had a one-bedroom apartment available. Plaintiff and Defendant then set up an appointment for Plaintiff to come in, see the available apartment, fill out a rental application, and have her credit reviewed. Plaintiff

alleges that when she called Defendant on the day before the appointment to confirm and to ask questions about the application, Defendant told her that the apartment was no longer available because it was going to be rented to the white, male, family member of a current renter after he completed his application and his credit check came back. According to Plaintiff, Defendant said, "I know you will understand that family comes first." She alleges that Defendant also told her that it did not rent apartments to people with a disability because the building did not have an elevator and it would be hard for a person with a disability to move up and down flights of stairs. Plaintiff further alleges that when she asked Defendant about the appointment that she had set up, Defendant seemed skeptical of answering her question. Plaintiff and Defendant have had no further contact.

Plaintiff alleges that Defendant did not rent the apartment to her, a black female; it rented the apartment to a white male whose family member was already renting an apartment from Defendants. She alleges that she "has been discriminated against by the Defendant because the Defendant words, language to the Plaintiff." She seeks damages under Section 804 of the Fair Housing Act, 42 U.S.C. § 3604(a), (d), and (f)(3)(B).

### B.     Governing Law

Defendant moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket no. 33.) When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). But this statement "must be enough to raise a right to

relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Plaintiff moves to dismiss the Amended Complaint without prejudice. (Docket no. 36.) Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision whether to dismiss a complaint under Rule 41(a)(2) lies within the sound discretion of the court. *Banque de Depots v. Nat'l Bank of Detroit,* 491 F.2d 753, 757 (6th Cir. 1974). The Sixth Circuit has said that under Rule 41(a)(2), the question is whether the defendant would suffer "plain legal prejudice" as a result of the dismissal without prejudice. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). In determining such prejudice, the court should consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citation omitted).

4

### C. Analysis

Section 804 of the Fair Housing Act (FHA), 42 U.S.C. § 3604, provides, in relevant part, that it is unlawful:

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin;
>
> (d) To represent to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.
>
> (f)(1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of--
>     (A) that buyer or renter,
>     (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
>     (C) any person associated with that buyer or renter.

42 U.S.C. § 3604 (footnote omitted). For purposes of subsection (f), discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

Defendant argues that Plaintiff's Amended Complaint should be dismissed because she has failed to sufficiently plead discrimination under Section 804 of the FHA. (Docket no. 33.) First, Defendant argues that it is chronologically impossible for Plaintiff to claim relief under § 3604(a) because Plaintiff had not made a bona fide offer for the apartment and was not in a position to negotiate for its rental because she had not yet obtained credit approval. Defendant asserts that Plaintiff had merely been invited to view the apartment and apply for its lease, which was in no way a promise to lease but was the exact opposite of discrimination. Additionally, Defendant argues that while Plaintiff alleges discrimination because of Defendant's "words and language," Plaintiff does not show any words or language that evidence discrimination. Defendant also argues

5

that just because the lease was given to a white male does not mean that Defendant discriminated against Plaintiff because of her race. And Defendant argues that while Plaintiff alleges discrimination because Defendant rented the apartment to a family, Plaintiff does not show or allege that she was discriminated against because of her familial status. Defendant further argues that it never misrepresented the apartment's availability. Lastly, Defendant argues that Plaintiff points to no rules, policies, practices, or services that required that she be given reasonable accommodations. Defendant seeks dismissal and an award of attorney's fees and costs.

Plaintiff responded to Defendant's Motion to Dismiss, but not on its merits. Rather, from what the undersigned can discern, Plaintiff argues in her Response brief that Defendant has not demonstrated that it was properly served with a summons and the Complaint in this matter. (*See* docket no. 35.) This argument is legally irrelevant to the bases for dismissal advanced by Defendant in its Motion. Moreover, the record indicates that Defendant was properly served by the United States Marshals Service via certified mail on October 19, 2018, and a copy of the green card evidencing such service has been posted to the docket. (*See* docket nos. 29, 32.) Plaintiff filed a Motion to Dismiss Without Prejudice shortly after responding to Defendant's Motion. (Docket no. 36.) The Motion includes no explanation for the requested dismissal.

Defendant filed a reply brief in support of its Motion to Dismiss, in which Defendant maintains its position that Plaintiff and Defendant did not have adequate interaction for the protections of the FHA to attach. (Docket no. 37.) Defendant asserts that the only contact it had with Plaintiff was via telephone when she called to inquire if Defendant had any units available. Defendant asserts that it invited Plaintiff to view the unit and fill out a credit application but admits that it leased the unit before Plaintiff arrived. According to Defendant, Plaintiff did not provide any information about herself on the initial phone call, so Defendant had no information on which

to base a leasing decision with regard to Plaintiff. Defendant asserts that Plaintiff's information would have been collected when she showed up to view the apartment, which is the only process Defendant uses to lease its apartments. Defendant also informs that ninety percent of its tenants are African American. Defendant then reiterates and clarifies that it seeks dismissal with prejudice and $1,500.00 in costs and attorney's fees.

Defendant has also filed a Response to Plaintiff's Motion to Dismiss, in which it strongly objects to dismissal of this matter without prejudice on the bases that it has already retained counsel and responded to the Amended Complaint by filing the instant Motion to Dismiss with prejudice. (Docket no. 38.)

Federal housing-discrimination claims brought under the FHA are evaluated under the *McDonnell Douglas/Burdine* burden-shifting framework. *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). This test requires a plaintiff who alleges discrimination on the basis of race to "make out a prima facie case by showing '(1) that he or she is a member of a racial minority, (2) that he or she applied for and was qualified to rent or purchase certain property or housing, (3) that he or she was rejected, and (4) that the housing or rental property remained available thereafter.'" *Id.* at 438-39 (quoting *Mencer v. Princeton Square Apts.,* 228 F.3d 631, 634-35 (6th Cir. 2000)). "The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). Thus, at the pleading stage, a housing-discrimination plaintiff need not plead facts establishing a *prima facie* case to state a claim for relief; he or she need only set forth the statutory bases for his or her claims and

7

the factual predicate of those claims. *Lindsay*, 498 F.3d at 439-40 (citing *Swierkiewicz*, 534 U.S. at 510).[1]

"Still, the Supreme Court established a 'plausibility' standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions, and that standard applies to causation in discrimination claims." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012). "A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012). Thus, "[a]lthough the plaintiff may survive a motion to dismiss without pleading a *prima facie* case of discrimination, the complaint must nevertheless allege sufficient 'factual content' from which a court could 'draw the reasonable inference' of . . . discrimination." *James v. Hampton*, 592 F. App'x 449, 461 (6th Cir. 2015) (quoting *Iqbal,* 556 U.S. at 678). *See, e.g., Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 626-27 (6th Cir. 2013) (holding that Asian-American man did not state plausible claims of race and gender discrimination because he made conclusory allegations that he was given a bad evaluation and terminated from his job because of his race and gender, and he did not support those allegations with any facts from which a reasonable person could infer that the man's race and gender factored into his employer's decision to terminate him or otherwise caused him to lose his job).

In the housing-discrimination context, in *Lindsay*, the Sixth Circuit held that an African-American couple satisfied their pleading burden where they alleged that the defendants advertised their house for sale, executed a purchase agreement with the plaintiffs, and accepted the plaintiffs' earnest money deposit, but then terminated the agreement one day after learning that the plaintiffs

---

[1] The Sixth Circuit has held that *Swierkiewicz's* holding that *McDonnell Douglas* does not set the pleading standard remains good law after the Supreme Court's decisions in *Iqbal* and *Twombly*. *James v. Hampton*, 592 F. App'x 449, 460 (6th Cir. 2015) (citing *Keys v. Humana, Inc.,* 684 F.3d 605, 609 (6th Cir. 2012)).

8

were black. *Lindsay*, 498 F.3d at 440. Distinguishing *Lindsay*, a sister district court recently held that mere allegations that the plaintiffs were black and the defendants were white and that the defendants' housing discrimination and failure to make reasonable accommodations were racially motivated in violation of the FHA did not nudge the plaintiffs' claims of discrimination across the line from conceivable to plausible because they were unaccompanied by any factual support. *United States v. Trumbull Metro. Hous. Auth.*, No. 4:17-CV-101, 2017 WL 4882438, at *4-5 (N.D. Ohio Oct. 30, 2017). *See also HDC,* 675 F.3d at 612 (affirming dismissal of FHA claim where alleged facts did not support a plausible inference of intentional discrimination by city against proposed housing project for handicapped individuals).

Plaintiff's Amended Complaint suffers from the same deficiency as the complaints in *Sam Han*, *Trumbull, and HDC*. Plaintiff alleges that she is a black female and that Defendant did not rent the available apartment to her, but to the white male family member of one of Defendant's tenants. Plaintiff also alleges that she suffered discrimination because of Defendant's "words, language to the Plaintiff." Plaintiff, however, does not provide any description of the allegedly discriminatory words and language. Moreover, other than reciting her race and gender, the race and gender of the alleged renter, and the FHA statute, she has not set forth even a conclusory allegation that Defendant discriminated against her on the basis of her race and gender, let alone a factual predicate that establishes a nexus between her race and gender and Defendant's actions. *See Trumbull*, at *5. Essentially, Plaintiff has alleged no facts that would allow a court to reasonably infer that Defendant refused to rent an apartment to Plaintiff, refused to negotiate for the rental of an apartment to Plaintiff, or otherwise made the apartment unavailable to Plaintiff

9

because of her race or gender.[2]  Plaintiff has therefore failed to state a claim for relief under § 3604(a).

Plaintiff's Amended Complaint is also deficient under § 3604(d), which makes it unlawful to represent to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.  Plaintiff alleges that Defendant invited her to view and fill out an application for an available apartment but later informed her that the apartment was no longer available because it had been (or was going to be) rented to the family member of another tenant.  Plaintiff does not allege that the apartment was actually still available despite Defendant's assertion of unavailability.  That is, there is no alleged misrepresentation of the availability of the apartment.  Accordingly, the facts alleged by Plaintiff cannot support a claim under this subsection.

Lastly, to prevail on an FHA reasonable-accommodation claim under 42 U.S.C. § 3604(f)(3), a plaintiff must establish that she suffers from a disability, that she requested an accommodation, that the proposed accommodation was both reasonable and necessary, that the defendant housing provider refused to make the accommodation, and that the defendant knew or should have known of the plaintiff's disability at the time of the refusal.  *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 541 (6th Cir. 2014).  Plaintiff alleges that Defendant told her that it did not rent apartments to people with a disability because the building did not have an elevator and it would be hard for a person with a disability to move up and down flights of stairs.  (Docket no. 25 at 1.)  Plaintiff, however, does not allege that she has a disability or plead facts

---

[2] To the extent that Plaintiff's Amended Complaint could be construed to allege discrimination on the basis of familial status, Plaintiff does not describe her own familial status or explain how the white male renter's familial status differs from hers.  She has therefore not sufficiently stated a claim in this regard.

10

related to any of the other elements required under *Hollis*. Thus, Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 3604(f)(3).

The undersigned notes that "*[p]ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted). Even so, a *pro se* plaintiff's complaint must meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). In this case, even viewing the limited factual allegations in the light most favorable to Plaintiff, Plaintiff's Amended Complaint fails to set forth facts sufficient to state any plausible claim of housing discrimination under the FHA against Defendant. Plaintiff's case should therefore be dismissed for failure to state a claim. In light of the fact that Plaintiff is proceeding *in forma pauperis*, the undersigned declines to recommend an award of attorney's fees and costs to Defendant under 42 U.S.C. § 3613(c)(2).

### D. Conclusion

For the above-stated reasons, Defendant's Motion to Dismiss (docket no. 33) should be **GRANTED** insofar as Defendant seeks dismissal of Plaintiff's Amended Complaint with prejudice and **DENIED** insofar as Defendant seeks attorney's fees and costs, Plaintiff's Motions to Dismiss this matter without prejudice (docket nos. 36, 41) should be **DENIED**, and this matter should be **DISMISSED** in its entirety, with prejudice.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 28, 2019          s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Angela Nails and counsel of record on this date.

Dated: May 28, 2019          s/ Leanne Hosking
                             Case Manager